IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.

JOSE S. FARINANGO MUENALA,

                Defendant.

OPINION and ORDER

24-cr-75-wmc

---

    The court held a telephonic motion hearing on July 29, 2025, to consider defendant's motion to clarify and modify his conditions of release. Dkt. 43. Defendant did not participate personally but was represented by Attorney White. The government was represented by AUSA Kraus. Pretrial services appeared by Officer Plender.

    Defendant is a citizen of Ecuador and has protected status in the United States. He is charged with criminal fraud for allegedly selling goods and products while misrepresenting their origins. Defendant was arraigned in August 2024 and released on conditions. Dkt. 18. Two of those conditions are the subject of defendant's motion. Condition 28 provides that defendant shall not misrepresent the nature or background of any product he offers for sale. Condition 10 required defendant to surrender his passport and not apply for a new one. Defendant has complied with these conditions, including by surrendering his Ecuadorian passport, which expired in 2019. Defendant now asks to clarify condition 28 to ensure he can support his family by selling goods and products at fairs and festivals. He also asks to modify condition 10 to allow him to obtain a new passport so he can fly to fairs and festivals around the country.

On the first point, everyone agreed that condition 28, as originally imposed, did not categorically prohibit defendant from selling goods or products. Even so, the court clarified that condition 28 does not prohibit defendant from selling goods or products at fairs or festivals, so long as he does not misrepresent the nature or background of those goods and products. The government requested that defendant provide a list of the fairs and festivals to which he intends to travel so the government could check his compliance. But pretrial services noted that defendant is considered low risk on this issue. Requiring this list is not necessary to reasonably assure the appearance of defendant or the safety of the community, 18 U.S.C. § 3142(b)-(c), so the court declined to incorporate this requirement.

On the second point, the court denied defendant's request to modify condition 10 to allow him to obtain a new Ecuadorian passport. Defendant argued that the condition, as imposed, combined with the new Real ID requirements, amounts to an unintended, unnecessary restriction on domestic travel. Defendant says he needs to travel to fairs and festivals around the country to work to support his family, and he says he now needs a passport to do that with the Real ID requirements in effect. Defendant notes that he has complied with all conditions up to this point and, while he has had the opportunity to travel domestically, he has not fled. The government and pretrial services objected to the request, citing risk of flight and failure to appear. The government found the timing of the request suspect, noting trial is approaching.

The court found that, because defendant is a citizen of another county, there is an inherent risk of flight because there are ties outside the United States. While that risk appears relatively low in this case, the consequences of it manifesting are dire because pretrial services has no means of tracking defendant's international travel. The government may be able to do

this tracking, but it is not real-time and thus can be thwarted. In light of this risk, requiring the surrender of defendant's passport and restricting access to a new passport is reasonable.

Defendant cited a case where the District of Puerto Rico allowed a defendant to obtain a passport to facilitate travel to court, but that is not analogous to the request proposed here. Here, defendant wants a passport to fly to destinations beyond court. This would be fine if the passport was limited to domestic travel, but it is not. Defendant's proposal to impose a condition on international travel does not address the limits with tracking discussed above.

Defendant does have options to travel domestically by land, and the government explained that he can obtain a Real ID through alternative means. While travel by land can take more time and planning, at least in some instances, the court is not persuaded that speed or convenience is something it should consider after it has determined a condition is necessary to mitigate an identified risk. The court must ensure the condition is the least restrictive to reasonably assure appearance and safety, 18 U.S.C. § 3142(c), but if a condition is necessary, it will be imposed regardless of convenience or preference.

At bottom, the original release order was appropriately calibrated to impose the least restrictive combination of conditions to reasonably assure the appearance of defendant and the safety of the community. For these reasons, the motion is GRANTED in part and DENIED in part, as explained above.

Entered July 29, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge