# United States District Court

## Western District of Wisconsin

UNITED STATES OF AMERICA

V.

JOSE S. FARINANGO MUENALA
(a.k.a. Jose Farinango; a.k.a. J. Santy Farinango)

**JUDGMENT IN A CRIMINAL CASE**
(for offenses committed on or after November 1, 1987)

**Case Number:** 0758 3:24CR00075-001

**Defendant's Attorney:** Joseph Bugni and Catherine E. White

Defendant, Jose S. Farinango Muenala, pleaded guilty to Count 3 of the superseding indictment.

Counts 1 and 2 of the superseding indictment are dismissed on the motion of the United States.

Defendant has been advised of their right to appeal.

**ACCORDINGLY**, defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 1159(a) [*Penalty: 18 U.S.C. § 1159(b)(1)(A)(i)*] | Misrepresentation of Indian Produced Goods and Products, a Class D felony | August 2, 2023 | 3 |

Defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED that defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, defendant shall notify the Court and United States Attorney of any material change in defendant's economic circumstances.**

**Defendant's Date of Birth:** [redacted] 1979

**Defendant's USM No.:** 29420-511

**Defendant's Residence Address:** [redacted]
Elmont, New York 11003

**Defendant's Mailing Address:** Same as above

January 28, 2026
Date of Imposition of Judgment

*/s/ William Conley*
William M. Conley
U.S. District Judge

January 29, 2026
Date Signed

# IMPRISONMENT

No term of imprisonment is imposed.

The probation officer is directed to send the U.S. Immigration and Customs Enforcement a copy of this judgment and is to provide the Court with a copy of the transmittal letter.

# PROBATION

As to Count 3 of the superseding indictment, it is adjudged that defendant is ordered to serve a three-year term of probation, subject to mandatory conditions. In light of the nature of the offense and defendant's personal history, I adopt condition numbers **1 through 16** as proposed and justified in the presentence report.

The instant offense is not drug related and defendant has no history of drug use. Therefore, the requirement for drug testing set forth at 18 U.S.C. § 3563(a)(5) is waived.

If, during defendant's term of probation, either defendant or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the Court for review.

---

Defendant is to abide by the statutory mandatory conditions.

**Statutory Mandatory Conditions**

Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

Defendant shall not illegally possess a controlled substance. Defendant is subject to drug testing according to 18 U.S.C. §§ 3563(a)(5) unless waived by the Court.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

---

Defendant shall comply with the standard and special conditions that have been adopted by this Court.

**Standard Conditions of Supervision**

1) Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer;

2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3) Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

4) Defendant shall notify the probation officer within 72 hours of any change in residence, employer, or any change in job classification;

5) Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician;

6) Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered;

7) Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity;

8) Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

9) Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

10) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

11) Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. Probation Officer to report within a different time frame; and

12) Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.

**Special Conditions of Release**

13) Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns.

14) Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.

15) The defendant shall not misrepresent the nature or background of any product that he offers for sale.

16) Comply with the rules and regulations of the U.S. Immigration and Customs Enforcement under the United States Department of Homeland Security and if deported or excluded from the United States, either voluntarily or involuntarily, not reenter the United States without legal permission. If reentry into the United States occurs, defendant shall report to the nearest probation office within 72 hours.

**ACKNOWLEDGMENT OF CONDITIONS**

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them. I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

______________________________ ____________________
Defendant Date

______________________________ ____________________
U.S. Probation Officer Date

# CRIMINAL MONETARY PENALTIES

Defendant must pay the total criminal monetary penalties in accordance with the Schedule of Payments set forth below.

| Count | Assessment | Restitution | Fine |
|---|---|---|---|
| 3 | $ 100.00 | $ 0.00 | $ 25,000.00 |
| **Totals** | **$ 100.00** | **$ 0.00** | **$ 25,000.00** |

It is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing. Defendant is encouraged to honor his agreement to pay this obligation by the day of sentencing.

According to 18 U.S.C. § 3563(a)(2), defendant has been awarded a probationary term for a felony and should be ordered to pay a fine or complete community service. Defendant has a positive net worth and can pay a fine, so I order a $25,000 fine. Defendant is ordered to begin making nominal payments of at least $1,000 per month beginning within 30 days of entry of judgment.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

(1) assessment;
(2) restitution principal;
(3) restitution interest;
(4) AVAA assessment;
(5) fine principal;
(6) fine interest;
(7) community restitution;
(8) JVTA assessment;
(9) penalties;
(10) costs, including costs of prosecution and court costs.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

If the judgment imposes a period of imprisonment, all inmates owing financial obligations as part of their sentences are encouraged to develop financial repayment plans during their periods of incarceration. 28 CFR Sections 545.10 and 545.11. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of Court, unless otherwise directed by the Court, the supervising U.S. Probation Officer, or the United States Attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation Office, and U.S. Attorney's Office so that defendant's account can be credited.